18-1023-cr
*United States v. Eberhardt*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of November, two thousand nineteen.

PRESENT: BARRINGTON D. PARKER,
DENNY CHIN,
JOSEPH F. BIANCO,
            *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,
            *Appellee,*

v.                                                                  18-1023-cr

CHRISTOPHER EBERHARDT,
            *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FOR APPELLEE:                    MONICA J. RICHARDS, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Buffalo, New York.

FOR DEFENDANT-APPELLANT:          PETER F. LANGROCK, Langrock, Sperry & Wool, LLP, Middlebury, Vermont.

Appeal from the United States District Court for the Western District of New York (Siragusa, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Christopher Eberhardt appeals the judgment of the district court entered April 3, 2018, following his conviction by a jury on one count of distribution, five counts of receipt, and two counts of possession of child pornography, and sentencing him principally to 180 months' imprisonment. Eberhardt argues that the district court abused its discretion when it denied his motion for a mistrial based on allegations of prosecutorial misconduct during summation. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review the district court's denial of a motion for mistrial for abuse of discretion. *See United States v. Zemlyansky*, 908 F.3d 1, 9 n.3 (2d Cir. 2018). "When reviewing claims of prosecutorial misconduct based on inappropriate remarks in the Government's . . . summation[], we will reverse if the misconduct caused substantial prejudice by so infecting the trial with unfairness as to make the resulting conviction a denial of due process." *United States v. Certified Envtl. Servs., Inc.*, 753 F.3d 72, 95 (2d Cir. 2014) (internal quotation marks omitted). In determining whether a defendant has suffered "substantial prejudice," we consider the severity of the misconduct, the measures adopted to cure the misconduct, and the certainty of conviction absent the

2

misconduct.  *See United States v. Elias*, 285 F.3d 183, 190 (2d Cir. 2002).   Where

Eberhardt failed to object to statements at trial, we review for plain error.  *See United*

*States v. Carr*, 424 F.3d 213, 219 (2d Cir. 2005).

1.      *The Severity of the Misconduct*

The alleged misconduct falls into three general categories: statements

vouching for the government's evidence or inserting personal opinion, statements

designed to inflame the jury's passions, and statements mischaracterizing or misstating

the evidence.

As to the first category, Eberhardt contends that the prosecutor engaged in

impermissible vouching and inserted his personal opinion into closing arguments three

times: (1) when he announced to the jury "there is no question that [we] have brought

you the right defendant," Def. App'x at 28; (2) when he referred to the laptop as

Eberhardt's "prized possession," saying "I think he cared for it a lot," Def. App'x at 32;

and (3) when he described the testimony of the case agent as to the absence of

incriminating evidence on Eberhardt's phone using the personal pronoun "I" five times

and noting the testimony as "significant."   Def. App'x at 41-42.   Eberhardt did not

object to any of these statements at trial.

As to the second category, Eberhardt argues that the prosecutor inflamed

the jury's passions during summation with the following three statements: (1) a

comment that Brian Gayheart was "five or six years younger" than Eberhardt and

3

"never going to leave his parents' home," Def. App'x at 31; (2) the invocation of testimony concerning statements Eberhardt made about a young boy that would make the jurors think their children were potential victims, Def. App'x at 29-30; and (3) a reference to Eberhardt's mother as "mommy." Def. App'x at 39. Eberhardt objected to each of these statements, with the court remaining silent as to the first objection and sustaining the remaining objections.

As to the third category, Eberhardt argues that the prosecutor three times misstated or mischaracterized the evidence when he suggested that Eberhardt: (1) "clean[ed] out" his cell phone prior to his arrest, Def. App'x at 38; (2) viewed pornography online on his phone after the laptop was seized, Def. App'x at 40-41; and (3) had a relationship with Christopher Best, the friend who bought Eberhardt the laptop on which the pornography was found, that was somehow unusual. Def. App'x at 48. Eberhardt objected to each of these statements, and the objections were all sustained.

Of the nine statements Eberhardt identifies as misconduct, six were not inappropriate. With the exceptions discussed below, the prosecutor did not intimate the existence of additional evidence, improperly inflame the jury's passions, or misstate or mischaracterize the evidence. For example, the prosecutor's statements regarding Eberhardt's comments about the young boy appealed to relevant facts and so did not inflame the jury's passions. *See United States v. Modica*, 663 F.2d 1173, 1180 (2d Cir.

4

1981) (per curiam) (alterations and internal quotation marks omitted).   Moreover, the prosecutor's suggestion that Eberhardt had cleared out his cell phone prior to its seizure was a permissible inference drawn from facts presented at trial.   *See United States v. Salameh*, 152 F.3d 88, 138 (2d Cir. 1998) (per curiam).

Three statements, however, were at least arguably inappropriate: the statement that the laptop was Eberhardt's prized possession, the discussion of the case agent's testimony, and the comment about Eberhardt's relationship with Best.   As to the first two statements, the government concedes that the prosecutor inserted his personal opinion.   Both statements, however, were couched in a discussion of relevant evidence, including the evident care Eberhardt showed for the laptop by wrapping it in its original packaging and storing it in Gayheart's closet after each use, and the agent's testimony explaining that one can view pornography on a device without saving it to that device.   To the extent these statements constituted any misconduct, it was mild and not severe.

The government concedes that the discussion of the relationship between Best and Eberhardt mischaracterized the evidence.   "[I]t is improper for a prosecutor to mischaracterize the evidence or refer in summation to facts not in evidence."   *United States v. Rosa*, 17 F.3d 1531, 1548-49 (2d Cir. 1994).   When discussing Best's and Eberhardt's relationship, the prosecutor observed that Best was "the one that when he came back from Afghanistan, we didn't hear about gifts for mom or dad or – ."   Def.

5

App'x at 48. Again, the misstatement was not severe and, as discussed below, was immediately followed by an objection and curative instruction.

Even where no single comment by the prosecutor resulted in "substantial prejudice," we must also consider the cumulative impact of improper statements. *See United States v. Melendez*, 57 F.3d 238, 241 (2d Cir. 1995). Here, taken in the context of the trial as a whole, any misconduct constituted an "aberration in an otherwise fair proceeding," thereby mitigating its severity and foreclosing "substantial prejudice." *Elias*, 285 F.3d at 191.

2.    *Curative Measures*

This Court considers not only the severity of the statement, but also measures taken to cure any misconduct. *See Elias*, 285 F.3d at 190. After Eberhardt's counsel objected to the prosecutor's comment about Best and moved for a mistrial, the judge sustained the objected, denied the motion, and immediately instructed the jury that counsel's comments were not evidence. These instructions mitigated any prejudice to Eberhardt. Indeed, the district court reminded the jury throughout the trial that the lawyers' statements were not evidence and should not be considered as such. *See, e.g.*, Gov't App'x at 22 (instructing the jury prior to opening arguments that "certain things are not evidence and should be considered by you as such [including] . . . [s]tatements, arguments, and questions by the lawyers"); Gov't App'x at 600 (during closing arguments stating "comments of counsel are not evidence"); Gov't App'x at 618-

6

19 (when ruling on an objection during closing arguments stating "comments that counsel make on summations . . . are not evidence"); Gov't App'x at 659-60 (during closing arguments stating "[a]rguments and statements by the lawyers are not evidence").

3. *Certainty of Conviction*

Finally, we consider the certainty of conviction in the absence of the misconduct. *See Elias*, 285 F.3d at 190. Here, there was no question that child pornography was found on the laptop recovered from Gayheart's closet; the question was rather to whom the laptop belonged. The government presented overwhelming evidence that the computer belonged to Eberhardt: three witnesses testified that the computer belonged to Eberhardt, the registered owner of the laptop was "Chris E," who had logged in 608 times, there were no other user accounts, the laptop was password protected, and a fragment of data stating "my name is Chris Eberhardt and I live in the USA my add is po box 125 Fayette NY" was recovered from the laptop. In addition, there was trial testimony that, when law enforcement officers spoke to Eberhardt on February 13, 2015, he admitted, among other things, that the laptop was his and that he used it at the Gayheart's residence to receive child pornography. Given this evidence, in all likelihood the jury would have found Eberhardt guilty even absent the improper comments.

Considering the mildness of the misconduct, the repeated curative instructions, and the certainty of conviction absent the misconduct, we conclude that Eberhardt did not suffer "substantial prejudice," and, accordingly, that the district court did not abuse its discretion when it denied the motion for mistrial.

\*     \*     \*

We have considered all of Eberhardt's remaining arguments and find them to be without merit.   For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court